UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROYAL TRUCK & TRAILER SALES AND
SERVICES, INC.,

Case No. 3:18-cv-10986-RHC-EAS

     Plaintiff,

Hon. Robert H. Cleland

v

MIKE KRAFT, and KELLY MATTHEWS
f/k/a KELLY SCHLIMMER,

     Defendants.

| | |
|---|---|
| Anthony M. Sciara (P75778) | Richard T. Hewlett (P41271) |
| Christopher A. Ferlito (P80574) | Salvatore J. Vitale (P75449) |
| KOTZ SANGSTER WYSOCKI, P.C. | VARNUM LLP |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| 400 Renaissance Center, Suite 3400 | 39500 High Pointe Blvd., Suite 350 |
| Detroit, Michigan 48243 | Novi, MI 48375 |
| 313.259.8300 | 248.567.7400 |
| asciara@kotzsanster.com | rthewlett@varnumlaw.com |
| cferlito@kotzsangster.com | sjvitale@varnumlaw.com |

## DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND UNDER RULE 12(b)(1) FOR WANT OF SUBJECT MATTER JURISDICTION

Defendants Mike Kraft ("Kraft") and Kelly Matthews ("Matthews"), by and

through they attorneys, Varnum, LLP, bring this motion under Fed. R. Civ. P.

12(b)(6) and Fed. R. Civ. P. 12(b)(1) for dismissal of Plaintiff's First Amended

Complaint for failure to state a claim upon which relief can be granted and for lack

of subject matter jurisdiction. In support of their Motion, Defendants' rely upon the facts and law stated in their Brief in Support, as well as the Federal Rules of Civil Procedure.

WHEREFORE, Defendants respectfully requests that the Court grant their Motion and dismiss Counts I and II of Plaintiff's First Amended Complaint for failure to state a claim upon which relief can be granted and the remaining counts for lack of subject matter jurisdiction.

Respectfully Submitted,

VARNUM LLP

Dated: April 17, 2018     By:    */s/ Salvatore J. Vitale*
Richard T. Hewlett (P41271)
Salvatore J. Vitale (P75449)
*Attorneys for Defendants*
39500 High Pointe Blvd., Suite 350
Novi, MI 48375
(248) 567-7400
rthewlett@varnumlaw.com
sjvitale@varnumlaw.com

13449517_1.docx

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROYAL TRUCK & TRAILER SALES AND
SERVICES, INC.,

        Case No. 3:18-cv-10986-RHC-EAS

        Plaintiff,

        Hon. Robert H. Cleland

v

MIKE KRAFT, and KELLY MATTHEWS
f/k/a KELLY SCHLIMMER,

        Defendants.

_____

Anthony M. Sciara (P75778)    Richard T. Hewlett (P41271)
Christopher A. Ferlito (P80574)    Salvatore J. Vitale (P75449)
KOTZ SANGSTER WYSOCKI, P.C.    VARNUM LLP
*Attorneys for Plaintiff*    *Attorneys for Defendants*
400 Renaissance Center, Suite 3400    39500 High Pointe Blvd., Suite 350
Detroit, Michigan 48243    Novi, MI 48375
313.259.8300    248.567.7400
asciara@kotzsanster.com    rthewlett@varnumlaw.com
cferlito@kotzsangster.com    sjvitale@varnumlaw.com

_____

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS UNDER RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND UNDER RULE 12(b)(1) FOR WANT OF SUBJECT MATTER JURISDICTION

# **TABLE OF CONTENTS**

I.    INTRODUCTION .........................................................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND ....................................1

III.  LAW AND ARGUMENT .............................................................................5

     A.    Royal Has Failed to State a Claim for a Violation of the CFAA..........5

          1.    Legal Standard. ...........................................................................5

          2.    Discussion. ..................................................................................6

     B.    Royal's Remaining State Law Claims Should Be Dismissed for
         Want of Jurisdiction. ...........................................................................13

          1.    Legal Standard. .........................................................................13

          2.    Royal's Failure to Allege a Claim Under Federal Law
              Prevents the Court from Exercising Jurisdiction Over
              Royal's State Law Claims. ........................................................14

IV.  CONCLUSION............................................................................................14

# INDEX OF AUTHORITIES

## Cases

*Ajuba Intern., LLC v. Saharia*, 871 F. Supp. 2d 671 (E.D.Mich. 2012)  6, 7, 8, 9, 11

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ............................................................. 5

*Bassett v. Nat'l Collegiate Athletic Ass'n*,
    528 F.3d 426, 430 (6th Cir. 2008) ..................................................................... 5

*Dana Ltd. v. American Axle and Mfg. Holdings, Inc.*,
    2012 WL 2524008 (W.D.Mich., 2012) ........................................................... 12

*DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir.1993) ................................... 13

*Experian Marketing Solutions, Inc. v. Lehman*,
    2015 WL 5714541 (W.D.Mich., Sept. 29, 2015) .......................... 7, 9, 10, 11

*Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) ............... 14

*LVRC Holdings, LLC v. Brekka*, 581 F.3d. 1127, 1133 (9th Cir. 2009) ................. 7

*Michigan Southern R.R. Co. v. Branch & St. Joseph Counties*
    *Rail Users Ass'n., Inc.*, 287 F.3d 568 (6th. Cir. 2002) .................................. 13

*Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990) 13

*Musson Theatrical, Inc. v. Federal Express Corp.*,
    89 F.3d 1244, 1248 (6th Cir. 1996) ................................................................. 14

*Pulte Homes, Inc. v. Laborers' Intern. Union of N. Am.*,
    648 F.3d 295, 299 (6th Cir. 2011) ..................................................................... 6

*U.S. v. Aleynikov*, 737 F. Supp. 2d 173, 193 (S.D.N.Y. 2010) ................................. 7

*Wal-Juice Bar. Inc. v. Elliot*, 899 F.2d 1502 (6th Cir., 1990) ................................. 14

## Statutes

18 U.S.C. § 1030(c)(2)(B) ......................................................................................... 6

18 U.S.C. 1030(e)(6) ................................................................................................. 6

28 U.S.C. 1367(c)(3) ................................................................................................. 1

## **Rules**

Fed. R. Civ. P. 12(b)(1)............................................................................1, 14

Fed. R. Civ. P. 12(b)(6).............................................................. 1, 5, 9, 12

## I.    INTRODUCTION

Defendants Mike Kraft ("Kraft") and Kelly Matthews ("Matthews") bring this motion under Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(1).  Counts I and II of Plaintiff Royal Truck & Trailer Sales and Services, Inc.'s ("Royal") First Amended Complaint, Royal's only claims arising out of federal law, fail to state a claim upon which relief can be granted.  Accordingly, there is no claim under federal law to support subject matter jurisdiction over Royal's remaining state law claims pursuant to 28 U.S.C. 1367(c)(3).

Specifically, Royal's claim for violations of the Computer Fraud and Abuse Act (the "CFAA") fail as Royal has failed to allege that Kraft or Matthews exceeded their authorized access to their company computers or cellular phones.  During the course of their employment, Kraft and Matthews had unrestricted access to their company computers, email, and phones.  Even if Royal could show that Kraft or Matthews accessed Royal's files or information with malicious or improper intent, which they did not, Royal's claim still fails as their *initial access* was authorized.  Therefore, dismissal of Count I and Count II of Royal's First Amended Complaint is appropriate pursuant to Fed. R. Civ. P. 12(b)(6).

## II.    FACTUAL AND PROCEDURAL BACKGROUND

As alleged in Royal's First Amended Complaint, Royal is a supplier and servicer of semi-trailers and trucks.  *See* Royal's First Amended Complaint, ECF

Doc #8.  Royal formerly employed both Kraft and Matthews. *Id.*  During his six years of employment with Royal, Kraft was employed as a service advisor and salesperson, primarily responsible for pricing truck repairs and managing the shop mechanics. *Id.*  Matthews was employed part-time as a parts salesperson, selling parts for semi-trucks and trailers to Royal's customers. *Id.*

Just fifteen days before his resignation, Kraft signed Royal's "Employee Handbook" which contained, in relevant part, Royal's purported policies regarding employees' use of and access to company computers and cellular phones. *Id.* Matthews never signed the Employee Handbook. *Id.*  Royal failed to include a copy of the Employee Handbook with its complaint, most likely because there is nothing within the policies that limits or otherwise restricts an employee's access to his or her company email account.

In its First Amended Complaint, Royal alleges that Kraft exceeded his authorized access in violation of the CFAA by engaging in the following actions:

- Kraft forwarded a quote for Ryder Livonia from his company email account to his personal email account;

- Kraft forwarded two emails from his company email account to his personal email account, which contained paystubs for two other Royal Employees;

- Kraft forwarded a quote for Gemini Transport LLC from his company email account to his personal email account; and

- Kraft removed and reinstalled the operating system on his company computer.

*Id.* Royal outlines similar actions in which it alleges Matthews violated the CFAA:

- Matthews sent an email to Kraft's personal account attaching a "Salesperson Summary Report";

- Matthews forwarded an email containing a sales inquiry from her company account to her personal email account; and

- Matthews restored her company iPhone to its factory settings before returning it to Royal.

*Id.* In both Count I and Count II, Royal alleges that "discovery is likely to reveal additional ways" that Defendants exceeded their authorized access to their company computer or cellular phone. *Id.* However, this claim is specious in light of the fact that the only damages Royal has identified are the costs allegedly incurred retaining its digital forensics expert and performing a "comprehensive and costly damage assessment." *Id.*

The evidence will show that neither Kraft nor Matthews took any inappropriate or otherwise unauthorized action before or after their resignation from Royal. Royal knows Kraft and Matthews have not engaged in any illegal

activity, but filed its complaint anyways—wasting this Court's time and forcing Kraft and Matthews to incur unnecessary attorney fees to defend themselves.  This litigation is *not* about recovering damages, of which Royal has *none*.  It is a frivolous attempt to send a message[1] to its remaining employees: 'If you leave, we will drag you into federal court and attempt to make an example out of you.'

For purposes of this Motion, however, the Court need not consider the unclean hands and dubious intentions with which Royal has filed its Complaint.  Instead, the Court needs only to look at this district's interpretation of the clear and unambiguous language of the CFAA, which has been applied repeatedly and consistently.   Even if an employee misappropriates or otherwise misuses confidential information, there is no violation of the CFAA unless the employee did not have access to that information in the first place.  Nothing in Royal's complaint alleges that Kraft or Matthews' *access* to the information allegedly taken was inappropriate or restricted.   While Kraft and Matthews vehemently deny having ever used Royal's information for an improper or unfair purpose, any such use is irrelevant in determining whether or not a violation of the CFAA occurred.  Therefore, Counts I and II must be dismissed for failure to state a claim as a matter

---

[1] Upon information and belief, Royal's Complaint was posted next to the time-clock in its office to ensure its message was received.  Importantly, these employees are not engineers or high-powered executives with access to product designs or formulas—they are mechanics and truck-parts salespeople.

of law, leaving the Court without subject matter jurisdiction to address the remaining state law claims in Royal's First Amended Complaint.

## III.   LAW AND ARGUMENT

### A.   Royal Has Failed to State a Claim for a Violation of the CFAA

1. <u>Legal Standard</u>.

The Federal Rules provide that a claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  In determining whether a claim has facial plausibility, a court must construe the complaint in the light most favorable to the plaintiff, accept the factual allegations as true, and draw all reasonable inferences in favor of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion so long as they are referred to in the Complaint and are central to the claims contained therein." *Id.*

2. <u>Discussion</u>.

a. Kraft and Matthews Did Not Violate the CFAA in Accessing Their Company Email.

In establishing a claim for a violation of the CFAA, Royal must show "that Defendants accessed a 'protected computer' either 'without authorization' or in a manner that 'exceeds authorized access.'" *Ajuba Intern., LLC v. Saharia*, 871 F. Supp. 2d 671 (E.D.Mich. 2012)(citing 18 U.S.C. § 1030(c)(2)(B)). The CFAA provides that 'exceeds authorized access' means "to access a computer with authorization and to use such access to obtain or alter information in the computer *that the accessor is not entitled to so obtain or alter*." *Id*. (citing 18 U.S.C. § 1030(e)(6))(emphasis added).

The Sixth Circuit has adopted the 'narrow approach' in determining whether or not an employee *exceeds authorized access* for purposes of the CFAA. *See Pulte Homes, Inc. v. Laborers' Intern. Union of N. Am.*, 648 F.3d 295, 299 (6th Cir. 2011). Under this approach, "once an employee is granted 'authorization' to access an employer's computer that stores confidential company data, that employee does not violate the CFAA regardless of how he subsequently uses the information." *Ajuba*, 871 F. Supp. 2d at 686.

"In other words, a person who uses a computer 'without authorization' has *no rights, limited or otherwise*, to access the computer in question." *Experian Marketing Solutions, Inc. v. Lehman*, 2015 WL 5714541 (W.D.Mich., Sept. 29,

2015)(quoting *LVRC Holdings, LLC v. Brekka*, 581 F.3d. 1127, 1133 (9th Cir. 2009)(emphasis added)).  "Thus, when an employer authorizes an employee to use a computer subject to certain limitations, the employee remains authorized to use the computer even if the employee violates those limitations." *Id.*

In supporting this rationale, courts have explained that the improper use of company information is an issue to be determined through an action for breach of company policies or duty of loyalty, not the CFAA:

> **While a confidentiality agreement or other policies or obligations owed to an employer may prohibit misuse of a company's internal computer system or misappropriation of confidential information therein, the plain text of the CFAA does not.**
>
> Furthermore, an interpretation of the CFAA based upon agency principles would greatly expand the reach of the CFAA to any employee who accesses a company's computer system in a manner that is adverse to her employer's interests. **This would convert an ordinary violation of the duty of loyalty or of a confidentiality agreement into a federal offense**. An employee does not lose "authorization" by accessing a computer with an improper purpose; rather, authorization is controlled by the employer, who may or may not terminate or restrict an employee's access privileges.

*Id.* (quoting *U.S. v. Aleynikov*, 737 F. Supp. 2d 173, 193 (S.D.N.Y. 2010)(emphasis added)).  Accordingly, "a violation for 'exceeding authorized access' occurs only where initial access is permitted but the access of certain information is not permitted." *Ajuba Intern LLC*, 871 F. Supp. 2d. at 687.

In her opinion in *Ajuba International*, Judge Battani addressed the same question of law raised in this motion: whether or not a former employee of the plaintiff had violated the CFAA in accessing and allegedly misappropriating plaintiff's information. In *Ajudba International*, the plaintiffs were outsourcing companies that handled billing for health care business in the United States. *Id.* at 676. The defendant was an individual, Devendra Saharia, the co-founder, former employee, and partial owner of the plaintiffs. *Id*. Following the sale of his ownership stake, Saharia executed various employment agreements, all of which contained confidentiality provisions and some of which contained non-competition agreements. *Id.* at 677. In 2011, Saharia abruptly resigned his employment and allegedly "orchestrated a covert scheme to secure departures of key management personnel from [the plaintiffs], interfered with [the plaintiffs'] business relationships to advance his . . . interests, and misappropriated trade secrets and other confidential information." *Id*. at 678.

The plaintiffs filed suit against Saharia, as well as his newly created and competing entity, claiming that Saharia had "accessed and used information stored on [p]laintiffs' computers for the improper purpose of competing against [p]laintiffs, directly in violation of his confidentiality obligations…" *Id*. at 685. The plaintiffs claimed that Saharia had exceeded or lost his authorized access in violation of the CFAA "when he accessed the computers in violation of

confidentiality and use limitations." *Id*. In response, Saharia filed a motion pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the plaintiffs had failed to state a viable CFAA claim.

In dismissing the CFAA claim, the Court noted that the plaintiffs "granted Saharia unrestricted access to their computers, confidential information and trade secrets." *Id*. at 687. "Since they authorized Saharia to access the computers which stored information he later misappropriated, Plaintiffs cannot successfully argue that his access was 'without authorization' or 'in excess of authority' under the CFAA." *Id.* Because the plaintiffs had based their claim upon Saharia's improper use of the information he accessed, the Court dismissed the CFAA claim on the grounds that the plaintiffs had failed to allege facts sufficient to establish that the plaintiff's computers were accessed in excess of authority.

Similarly, the Court in *Experian Marketing Solutions, Inc. v. Lehman*, 2015 WL 5714541 (W.D.Mich., Sept. 29, 2015) dismissed the plaintiff's claim that the defendant violated the CFAA when he, in relevant part, "accessed Experian's confidential information for a competitive purpose . . . in violation of his employee agreements and Experian's code of conduct . . . " *Id*. at *2. The defendant, a former Experian employee, was bound by an "Experian Information Security user Acknowledgement and Agreement," which provided that the "use of all Experian computers, software, and devices shall be restricted to the conduction of Experian

business" and that employees may only "access information within the parameters provided." *Id*. at *4.

The Court found that the defendant was authorized to access Experian's information, even if he accessed information for a non-business purpose:

> Because [defendant] was unquestionably authorized to access his work-issued computer while he was employed by Experian, it does not matter whether he used it for an improper purpose; he did not access it without authorization. This holds true even if [defendant's] employee agreement prohibited from using the computer for non-business purposes.

*Id*. Moreover, the Court found that defendant did not exceed his authorized access in obtaining Experian's information for conducting non-company business:

> The Court's [narrow] interpretation is fatal to Experian's claim regarding Lehman's access during his employment. To determine whether a person has exceeded authorized access, the Court examines whether that person had "any right" to obtain or alter the particular files or information at issue. Experian's assertion that Lehman was not authorized to obtain information on his computer for conducting non-Experian business implies that he was authorized to obtain it for Experian-related purposes. If so, then he did not exceed authorized access under the CFAA.

*Id*. at * 6. Therefore, the Court held that the plaintiff had failed to state a claim upon which relief could be granted in alleging that its former employee accessed files and information belonging to Experian in violation of Experian's access and use policies and for non-company purposes.

The plaintiffs' allegations in both *Experian* and *Ajuba International* are similar to those outlined in Royal's First Amended Complaint. The claims in *Experian* and *Ajuba* both arose out of the allegedly improper use of the company's material and the employees' alleged violations of company policies restricting the use of materials. Similarly, Royal's claim for violation of the CFAA arises out of the allegedly improper use or misappropriation of Royal's information for a non-company purpose. Moreover, Royal also appears to claim that these actions exceeded Kraft's and Matthew's authorization to the extent that their actions were in violation of the Employee Handbook.

However, Royal does not allege that Kraft's or Matthew's *initial* access to this information was prohibited or unauthorized. Rather, Kraft and Matthews had unrestricted access to their company computers, email, and phones. In fact, the only violations outlined in Royal's First Amended Complaint relate to information obtained and accessed through their Royal email accounts, which, of course, Royal does not claim they were unauthorized to access. Royal's First Amended Complaint does not allege Kraft or Matthews were not authorized to access or alter the information identified; only that forwarding that information to personal email accounts for allegedly non-business purposes was improper. This is not a valid basis for a CFAA claim, and therefore, Counts I and II of Royal's First Amended Complaint should be dismissed.

    b. Kraft and Matthews Did Not Violate the CFAA in Restoring Their Computer/Phone.

  Similarly, Royal's allegations relating to Kraft and Matthew's factory restoration of their respective computer and cellular phone are insufficient to establish a CFAA claim. Therefore, to the extent Royal relies upon Kraft restoring the operating system on his computer or Matthews restoring the factory settings on her phone in support of Counts I and II of its First Amended Complaint, this too constitutes a failure to state a claim which requires dismissal under Fed. R. Civ. P. 12(b)(6).

  There is no violation of the CFAA where an employee deletes or restores information contained on a company computer. See *Dana Ltd. v. American Axle and Mfg. Holdings, Inc.*, 2012 WL 2524008 (W.D.Mich., 2012). In *Dana*, the plaintiff alleged that former employees had deleted 14 folders and between 246 and 1,444 files from their computers. *Id*. at *5.  Like here, the plaintiff had not alleged that the employees were prohibited from deleting personal information from their work computers. *Id.* While the Court acknowledged that the unauthorized deletion of *original* files may fall within the scope of the CFAA, a claim that destroying original files "based on nothing more than speculation" was insufficient to establish a CFAA violation. *Id*. at *6.

  Here, Royal does not allege that Kraft or Matthews deleted any original files or that any deletion of files prevented Royal from accessing its information.  On

the contrary, Royal specifically alleges that the information in question "was based/stored within Royal's (Google-based) company server and accessed by [Kraft and Matthews] through [their] company provided computer and cellular phone." See *Royal's First Amended Complaint*, ECF Doc #8 at ¶¶ 24 & 29. Therefore, Kraft and Matthews' restoration of their company-provided computer and laptop cannot support a claim under the CFAA, and Counts I and II must be dismissed on the grounds that Royal has failed to state a claim upon which relief can be granted.

**B.    Royal's Remaining State Law Claims Should Be Dismissed for Want of Jurisdiction.**

      1.   <u>Legal Standard</u>.

"Lack of subject matter jurisdiction is an affirmative defense that a defendant may assert in a motion to dismiss." *Michigan Southern R.R. Co. v. Branch & St. Joseph Counties rail Users Ass'n., Inc.*, 287 F.3d 568 (6th. Cir. 2002)(citing Fed.R.Civ.P. 12(b)(1); *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir.1993)). "Where subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Id*. (citing *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir.1990)). "Specifically, the plaintiff must show that the complaint 'alleges a claim under federal law, and that the claim is substantial.'" *Id*. (citing

*Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996)).

> 2.   Royal's Failure to Allege a Claim Under Federal Law Prevents the Court from Exercising Jurisdiction Over Royal's State Law Claims.

"Pendent jurisdiction may be exercised over a state claim only where federal jurisdiction is properly based on a colorable federal claim." *Wal-Juice Bar. Inc. v. Elliot*, 899 F.2d 1502 (6th Cir., 1990). "[T]here must be some minimum degree of substantiality or non-frivolity to the federal claim. If the claim is obviously without merit or wholly frivolous the federal court may dismiss for want of jurisdiction." *Id*. (citing *Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974))

As stated above, Royal has failed to allege a claim under federal law. Counts I and II, alleging violations of the CFAA, are the only federal questions raised in Royal's First Amended Complaint.  Absent a colorable and appropriately alleged claim under federal law, Royal's remaining state claims should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

## IV.   CONCLUSION

WHEREFORE, Defendants Mike Kraft and Kelly Matthews respectfully move this Honorable Court to grant its Motion to Dismiss for Failure to State a Claim upon which relief can be granted and for want of subject-matter jurisdiction, and to award any other relief the Court deems just and appropriate.

14

Respectfully Submitted,

VARNUM LLP

Dated:  April 17, 2018            By:    */s/ Salvatore J. Vitale*
                                      Richard T. Hewlett (P41271)
                                      Salvatore J. Vitale (P75449)
                                      *Attorneys for Defendants*
                                      39500 High Pointe Blvd., Suite 350
                                      Novi, MI  48375
                                      (248) 567-7400
                                      rthewlett@varnumlaw.com
                                      sjvitale@varnumlaw.com

13439447_1.docx

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROYAL TRUCK & TRAILER SALES AND
SERVICES, INC.,

       Plaintiff,

Case No. 3:18-cv-10986-RHC-EAS

Hon. Robert H. Cleland

v

MIKE KRAFT, and KELLY MATTHEWS
f/k/a KELLY SCHLIMMER,

       Defendants.

| | |
|---|---|
| Anthony M. Sciara (P75778) | Richard T. Hewlett (P41271) |
| Christopher A. Ferlito (P80574) | Salvatore J. Vitale (P75449) |
| KOTZ SANGSTER WYSOCKI, P.C. | VARNUM LLP |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| 400 Renaissance Center, Suite 3400 | 39500 High Pointe Blvd., Suite 350 |
| Detroit, Michigan 48243 | Novi, MI 48375 |
| 313.259.8300 | 248.567.7400 |
| asciara@kotzsanster.com | rthewlett@varnumlaw.com |
| cferlito@kotzsangster.com | sjvitale@varnumlaw.com |

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2018, I electronically the foregoing

pleadings with the Clerk of the Court using the ECF system which will send

notification of such filing to counsel of record.

Respectfully Submitted,

VARNUM LLP

By:   */s/ Salvatore J. Vitale*
      Richard T. Hewlett (P41271)
      Salvatore J. Vitale (P75449)
      *Attorneys for Defendants*
      39500 High Pointe Blvd., Suite 350
      Novi, MI  48375
      (248) 567-7400
      rthewlett@varnumlaw.com
      sjvitale@varnumlaw.com

13439447_2.docx