UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ROYAL TRUCK & TRAILER SALES AND
SERVICES, INC.,

    Plaintiff,

v

MIKE KRAFT, and KELLY MATTHEWS
f/k/a KELLY SCHLIMMER,

    Defendants.

Case No. 3:18-cv-10986-RHC-EAS

Hon. Robert H. Cleland

---

| | |
|---|---|
| Anthony M. Sciara (P75778) | Richard T. Hewlett (P41271) |
| Christopher A. Ferlito (P80574) | Salvatore J. Vitale (P75449) |
| KOTZ SANGSTER WYSOCKI, P.C. | VARNUM LLP |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| 400 Renaissance Center, Suite 3400 | 39500 High Pointe Blvd., Suite 350 |
| Detroit, Michigan 48243 | Novi, MI 48375 |
| 313.259.8300 | 248.567.7400 |
| asciara@kotzsanster.com | rthewlett@varnumlaw.com |
| cferlito@kotzsangster.com | sjvitale@varnumlaw.com |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS UNDER RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND UNDER RULE 12(b)(1) FOR LACK OF SUBJECT MATTER JURISDICTION**

# **TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................... 1

II. LAW AND ARGUMENT .......................................................................... 1

    A. The Only Reported Case in this District Supports a Narrow Reading of the CFAA ...................................................................... 1

    B. The Dicta in *Musacchio* Does Not Require the Application of a Broad Interpretation of the CFAA ...................................................... 4

III. CONCLUSION ........................................................................................... 7

# INDEX OF AUTHORITIES

**Cases**

*Ajuba Intern., LLC v. Saharia*,
    871 F. Supp. 2d 671 (E.D.Mich. 2012) .................................................. 1, 4, 6

*Cranel v. Pro Image Consultants Group, LLC*,
    57 F.Supp.35 838 (S.D. Ohio, 2014) ............................................................ 2

*Dana Ltd. v. American Axle and Mfg. Holdings, Inc.*
    2012 WL 2524008 (W.D.Mich, 2012) ......................................................... 2

*Experian Marketing Solutions, Inc. v. Lehman*,
    22015 WL 5714541 (W.D.Mich., Sept. 29, 2015) ......................................... 2

*Int'l Airport Ctrs., LLC v. Citrin*,
    440 F.3d 418 (7th Cir.2006) ......................................................................... 4

*LVRC Holdings L.L.C. v. Brekka,*
    581 F.3d 1127 (9th Cir. 2009) .............................................................. 2, 3, 4

*Mussachio v. U.S.*,
    136 S. Ct. 709 (2016) ................................................................................ 5, 6

*Pulte Homes, Inc. v. Laborers' Intern. Union of N. Am.*,
    648 F.3d 295 (6th Cir. 2011) .................................................................... 1, 2

*Sandvig v. Sessions,*
    2018 WL 1568881, (D.D.C. Mar. 30, 2018) ............................................. 2, 6

*Satmodo, LLC v. Whenever Communications, LLC.*,
    2017 WL 1365839 (S.D.Cal. 2017) .............................................................. 5

*Ticketmaster L.K.C. v. Prestige Entertainment, Inc.*,
    -- F.Supp.3d --; 2018 WL 654410 (2018) ..................................................... 6

*U.S. v. Nosal*,
    676 F.3d 854 (9th Cir., 2012) ............................................................... 3, 4, 6

*United States v. John*,
    597 F.3d 263 (5th Cir.2010) ......................................................................... 4

*United States v. Rodriguez*,
    628 F.3d 1258 (11th Cir.2010) ........................................................................4

*United States v. Santos*,
    553 U.S. 507; 128 S.Ct. 2020; 170 L.Ed.2d 912 (2008) ................................4

**<u>Statutes</u>**

18 U.S.C. § 1030(a)(6) ................................................................................................5

**<u>Rules</u>**

Fed. R. Civ. P. 12(b)(1) ..............................................................................................7

## I.     INTRODUCTION

Plaintiff Royal Truck & Trailer Sales and Services, Inc.'s ("Royal") Brief in Opposition to Defendants Mike Kraft's ("Kraft") and Kelly Matthews' ("Matthews") Motion to Dismiss relies on the split of authority between the Circuits regarding the interpretation of the Computer Fraud and Abuse Act ("CFAA"). However, other courts in this circuit have repeatedly applied the "narrow approach" to its interpretation and, as discussed below, have interpreted the Sixth Circuit's decision in *Pulte Homes, Inc. v. Laborers' Intern. Union of N. Am.*, 648 F.3d 295, 299 (6th Cir. 2011) as an indication of the same approach. Instead of following this authority, Royal is asking this Court to substitute Royal's interpretation of CFAA for that of courts in this district, because it thinks the Sixth Circuit would do the same. The great weight of the authority on this issue says otherwise, and therefore, Kraft and Matthews respectfully request that Royal's Complaint be dismissed.

## II.    LAW AND ARGUMENT

### A.    The Only Reported Case in this District Supports a Narrow Reading of the CFAA

In *Ajuba Intern., LLC v. Saharia*, 871 F. Supp. 2d 671 (E.D.Mich. 2012), Judge Battani acknowledged that the Sixth Circuit had not "squarely addressed the *meaning* of 'without authorization or 'exceeds authorized access' in the context of an employment dispute." (emphasis added). However, she explained that the Sixth

Circuit in *Pulte Homes, Inc. v. Laborers' Intern. Union of N. Am.*, 648 F.3d 295, 299 (6th Cir. 2011) "favored the narrow interpretation" of those terms, and "interpreted the terms 'without authorization' and 'exceeds authorized access' consistent with the narrow approach." *Ajuba,* 871 F.Supp.2d 671 (E.D.Mich. 2012).[1] *See also*, *Sandvig v. Sessions,* 2018 WL 1568881, at *12 (D.D.C. Mar. 30, 2018)(Citing *Pulte* along with opinions from the Second, Fourth, and Ninth Circuits which held that the CFAA prohibits unauthorized <u>access</u> rather than unauthorized <u>use</u>).

Moreover, in interpreting those terms in its *Pulte* opinion, the Sixth Circuit cited the Ninth Circuit's opinion in *LVRC Holdings L.L.C. v. Brekka,* 581 F.3d 1127 (9th Cir. 2009), applying a more narrow approach to the CFAA, as persuasive. In *Brekka*, an employee of a residential addiction treatment center emailed his employer's financial statements, budgets, medical patient reports,

---

[1] *See also, Dana Ltd. v. American Axle and Mfg. Holdings, Inc.* 2012 WL 2524008 *4 (W.D.Mich, 2012)("[T]he Sixth Circuit's opinion in *Pulte Homes*…suggests that the Sixth Circuit would adopt the narrow view insofar as it relied heavily on the Ninth Circuit's opinion in *LVRC Holdings* for a definition of 'without authorization.'"); *Experian Marketing Solutions, Inc. v. Lehman*, 22015 WL 5714541 (W.D.Mich., Sept. 29, 2015)("[T] plain language of the statute focuses solely on the individual's authorization to obtain or alter information; liability does not hinge on the individual's purpose for obtaining access or use for the information obtained."); *Cranel v. Pro Image Consultants Group, LLC*, 57 F.Supp.35 838 (S.D. Ohio, 2014)(Holding that allegations relating to a defendant's actions after he access of confidential, proprietary documents were "insufficient to state a claim upon which relief may be granted under the CFAA.")

names of past and current patients, and meeting notes to his own personal email address. *Id*. at 1130. After discovering these emails, the facility filed suit against the employee alleging that he had exceeded his authorized access, along with several state tort claims. *Id*. at 1131.

The district court granted summary judgment in favor of the employee, holding that the facility had failed to establish a violation of the CFAA because the employee "had authority and authorization to access the documents and emails that were found on his home computer and laptop." *Id*. On appeal, the facility's argument largely focused on whether or not the employee had acted "without authorization". *Id.* Nevertheless, the Ninth Circuit Court addressed the meaning of exceeding authorized access, explaining that "nothing in the CFAA suggests that a defendant's authorization to obtain information stored in a company computer is 'exceeded' if the defendant breaches a state law duty of loyalty to an employer, and we decline to read such a meaning into the statute…" *Id*.

While *Brekka* did not involve an employer with guidelines or use restrictions governing the purpose for which an employee accessed information, the Ninth Circuit later found that such use restrictions could not create liability under the CFAA. *U.S. v. Nosal*, 676 F.3d 854 (9th Cir., 2012). In so holding, the Ninth Circuit focused on the potentially far-reaching effects of the criminalization of an employer's use restrictions:

3

> Employer-employee and company-consumer relationships are traditionally governed by tort and contract law; the government's proposed interpretation of the CFAA allows private parties to manipulate their computer-use and personnel policies so as to turn these relationships into ones policed by the criminal law. Significant notice problems arise if we allow criminal liability to turn on the vagaries of private polices that are lengthy, opaque, subject to change and seldom read. Consider the typical corporate policy that computers can be used only for business purposes. What exactly is a "nonbusiness purpose"?
>
> …
>
> We remain unpersuaded by the decisions of our sister circuits that interpret the CFAA broadly to cover violations of corporate computer use restrictions or violations of a duty of loyalty. *See United States v. Rodriguez*, 628 F.3d 1258 (11th Cir.2010); *United States v. John*, 597 F.3d 263 (5th Cir.2010); *Int'l Airport Ctrs., LLC v. Citrin*, 440 F.3d 418 (7th Cir.2006). These courts looked only at the culpable behavior of the defendants before them, and failed to consider the effect on millions of ordinary citizens caused by the statute's unitary definition of "exceeds authorized access."
>
> …
>
> For our part, we continue to follow in the path blazed by *Brekka*, 581 F.3d 1127, and the growing number of courts that have reached the same conclusion. These courts recognize that the plain language of the CFAA "target[s] the unauthorized procurement or alteration of information, not its misuse or misappropriation.

*United States v. Nosal*, 676 F.3d 854, 863 (9th Cir. 2012). To the extent the Court disagrees with the *Ajuba* opinion's finding that the Sixth Circuit followed a narrow approach in defining the key terms under the CFAA, the Sixth Circuit's reliance on the Ninth Circuit's reasoning indicates its preference for the narrow approach.

    **B.**    **The Dicta in *Musacchio* Does Not Require the Application of a Broad Interpretation of the CFAA**

While the Supreme Court in *Mussachio v. U.S.*, 136 S. Ct. 709, 713 (2016) did not directly provide an interpretation of the CFAA, it did indicate, in dicta, that the CFAA "provides two ways of committing the crime of improperly accessing a protected computer: (1) obtaining access without authorization; and (2) obtaining access with authorization but then using that access improperly." *Id.* at 713. (citing 18 U.S.C. § 1030(a)(6)). Royal has created its own backstory for this single sentence. In doing so, it encourages the Court to read subliminal guidance into the Supreme Court's phrasing as to how the lower courts should predict its interpretation of the CFAA. However, there is nothing in *Mussachio* that would prevent or limit a court from applying the narrow approach to the CFAA.

Since the *Mussachio* opinion, courts have not treated the Supreme Court's use of phrase "using that access improperly" as broadening the scope of the "exceeding authorized access" element of the CFAA, even while citing the very language Royal references in its brief. *See, Satmodo, LLC v. Whenever Communications, LLC.*, 2017 WL 1365839 *4 (S.D.Cal. 2017)("In contrast, exceeding authorized access is defined as accessing a computer with authorization and then using that access to obtain or alter information in the computer that the person is not entitled to alter or obtain."); *Ticketmaster L.K.C. v. Prestige Entertainment, Inc.*, -- F.Supp.3d --; 2018 WL 654410 (2018).

5

Similarly, in *Sandvig v. Sessions*, *supra*, a case decided well after the *Mussachio* opinion, the District Court for the District of Columbia held that the narrow interpretation of the CFAA was appropriate, even after acknowledging the Supreme Court's *Mussachio* opinion. *Id*. In addressing the plaintiffs' constitutional challenge to the CFAA, the Court explained its reasoning:

> The question thus remains whether "exceeds authorized access" refers to access alone or to access, use, and other violations. The Court finds the narrow interpretation adopted by the Second, Fourth, and Ninth Circuits—and by numerous other district judges in this Circuit—to be the best reading of the statute. First, the text itself more naturally reads as limited to violations of the spatial scope of one's permitted access. To "exceed[ ] authorized access," one must have permission to access the computer at issue, and must "use such access"—i.e., one's authorized presence on the computer—"to obtain or alter information in the computer." Thus, unlike the phrase "unauthorized access" used alongside it in several CFAA provisions, the phrase "exceeds authorized access" refers not to an outside attack but rather to an inside job. The rest of the definition requires that the information at issue be information "that the accesser is not entitled so to obtain or alter." The key word here is "entitled." "And, in context, the most 'sensible reading of "entitled" is as a synonym for "authorized." The focus is thus on whether someone is allowed to access a computer at all, in the case of "unauthorized access," or ***on whether someone is authorized to obtain or alter particular information, in the case of "exceeds authorized access."*** In neither instance does the statute focus on how the accesser plans to use the information. *Id.* at *13 (citations omitted).

Royal does not allege that Kraft's or Matthew's *initial* access to its information was prohibited or unauthorized, nor does Royal's First Amended Complaint allege that Kraft or Matthews were not authorized to access or alter the

6

information identified. Royal's only claim is that forwarding that information—to which Kraft and Matthews had undisputed access—to personal email accounts for allegedly non-business purposes was improper. This is not a valid basis for a CFAA claim under the narrow approach previously applied by courts in this district. Therefore, Counts I and II of Royal's First Amended Complaint should be dismissed. Moreover, absent a colorable and appropriately alleged claim under federal law, Royal's remaining state claims should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

### III.   CONCLUSION

Defendants Mike Kraft and Kelly Matthews respectfully move this Honorable Court to grant its Motion to Dismiss for Failure to State a Claim upon which relief can be granted and for lack of subject-matter jurisdiction.

                                                        Respectfully Submitted,
                                                        VARNUM LLP

Dated:  May 22, 2018            By:     */s/ Salvatore J. Vitale*
                                                        Richard T. Hewlett (P41271)
                                                        Salvatore J. Vitale (P75449)
                                                        *Attorneys for Defendants*
                                                        39500 High Pointe Blvd., Suite 350
                                                        Novi, MI  48375
                                                        (248) 567-7400
                                                        rthewlett@varnumlaw.com
                                                        sjvitale@varnumlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2018, I electronically the foregoing pleadings with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

*/s/ Salvatore J. Vitale*
Salvatore J. Vitale (P75449)
